UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASCENCION GOMEZ,<br>Plaintiff,<br>v.<br>J. TYREE, et al.,<br>Defendants. | No. 1:26-cv-05039-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 7) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed August 10, 2026.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On June 16, 2022, Plaintiff was accused of rushing toward three correctional officers and contacting two of them at the same time with his shoulders. Plaintiff was charged with a serious rule violation of battery on a peace officer, violation number 7195351.

In preparation of his defense at the disciplinary hearing, Plaintiff asked the investigative employee (IE) assigned to the rule violation to produce a diagram of the room where the incident occurred. "A diagram showing the dimensions of the room and the space occupied by the three cages in it, would have shown that it was impossible for two COs to stand side-by-side in front of one another and in front of the cage I was in, while one of them opened the door to that cage, and

for me to then lunge out and strike two of them at the same time with my shoulders, as was reported." (ECF No. 7 at 3-4.) There were no cameras in the room and the COs were not wearing body cameras so Plaintiff needed a diagram to support his defense. Plaintiff could not produce a diagram himself because he was placed in restricted housing and then moved to a different facility of the institution. Producing the document would not have compromised institutional safety or correctional goals, it would not have created a risk of reprisal or undermined authority. It was not produced because the IE works for the Senior Hearing Officer (SHO), and the SHO J. Tyree decided that he did not need to see a diagram.

Plaintiff also gave the IE a list of nine questions that he wanted to ask the other officers involved in the incident. Plaintiff's questions were meant to develop his defenses of impossibility of what was reported given the dimensions of the room and space occupied by the three cages in it, and of the unreliability of the reports because of their inconsistencies. SHO Tyree blocked the IE from asking six of the nine questions, prevent Plaintiff from developing his defense.

One of the three officers involved reported that he gave Plaintiff instructions and an order before he observed Plaintiff lunge forward at them. The officer later changed his account to match what the other two officers reported, i.e., that Plaintiff charged at them as soon as they opened the door to the cage. Two of the officers reported that one of them pushed Plaintiff back, but the other officer reported that they did not use any other force beyond pepper spray. Two of the officers reported that only one of them pepper sprayed Plaintiff, but the other officer reported that two of them pepper sprayed Plaintiff.

On November 10, 2022, SHO J. Tyree presided over the disciplinary hearing. Plaintiff reminded him that he required a diagram for his defense. SHO J. Tyree said that he did not need to see a diagram because he was already familiar with the room where the incident occurred. Plaintiff was found guilty as charged by a preponderance of the evidence. Tyree did not mention that Plaintiff requested a diagram to support his defense of "impossibility" what was reported.

On November 30, 2022, Associate Warden (AW) R. Hernandez affirmed the results of the disciplinary hearing. It appears that R. Hernandez was also the Reviewing Authority for Plaintiff's grievance at the Office of Grievances level-log number 339933. In this grievance,

Plaintiff reported that he requested a diagram for his defense of "impossibility" of what was reported. R. Hernandez ignored this part of Plaintiff's defense in his response to the grievance.

On April 3, 2023, Reviewing Authority H. Moseley responded to Plaintiff's appeal of grievance-log number 339933. In his response, H. Moseley also disregarded Plaintiff's request for a diagram to support his defense of "impossibility."

## III.

## DISCUSSION

### A. Due Process Violation

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." Hill, 472 U.S. at 455–56 (emphasis added). Plaintiff contends that the investigative employee did not "produce a diagram of the room where the incident occurred to show that there was not enough free space for two COs to stand side-by-

side in front of the cage I was in, and that I could not have rushed out and struck two of them at the same time." (ECF No. 1 at 3.) Plaintiff also claims that SHO Tyree blocked the IE from asking six of the nine questions preventing him from developing his defense.

While Plaintiff was assigned an investigative employee, he has not shown that he was either illiterate or that his case was "unusually complex" such that federal due process entitled him to the assistance of an investigative employee. See Andrade v. Swarthout, 2012 WL 2531997, at *7 (E.D. Cal. June 29, 2012) (finding no due process violation where plaintiff "did not provide sufficient evidence indicating his issue was complex [enough] to require a due process right to an investigative employee"); see also Uribe v. Taylor, 2012 WL 4953176, at *5 (E.D. Cal. Oct. 15, 2012) ("plaintiff has no due process rights to the assistance of an investigative employee and thus, his claim that [his investigative employee] failed to conduct an adequate investigation or to obtain a staff assistant for plaintiff in connection with the disciplinary charge fails to state a cognizable due process claim.").

Even assuming Plaintiff was entitled to the assistance of an investigative employee, the first amended complaint does not allege facts indicating that Plaintiff was completely precluded from presenting documentary evidence, nor how its exclusion specifically prejudiced him. Indeed, regardless of whether Plaintiff struck the two officers at the same time, Plaintiff has failed to plausibly demonstrate that submission of the proposed diagram would have changed the result of the guilty finding of battery on two correctional officers. In addition, and contrary to Plaintiff's contention, SHO J. Tyree stated that he did not need to see a diagram because he was already familiar with the room where the incident occurred. Accordingly, a diagram was not necessary, and Plaintiff cannot show any resulting prejudice as the SHO was able to consider his defense of "impossibility" based on his knowledge of the location where the incident occurred.

Further, Plaintiff's claim that SHO prevented the IE from asking six of his nine proposed witness questions does not give rise to a constitutional due process violation. Plaintiff fails to demonstrate how the proposed witnesses would have testified and how the proposed questions would have assisted in his defense of "impossibility." Moreover, a prisoner has no constitutional right to confront or cross-examine his accusers during a prison disciplinary hearing. Baxter v.

Swain, 425 U.S. 308, 321-22 (1976); Wolff, 418 U.S. at 567-68. In addition, due process is not violated where the hearing officer failed to believe certain evidence or chose to believe other evidence. Thus, Plaintiff's conclusory assertion that the failure to produce a diagram and limitation on witness questioning is insufficient to state a claim. See Crutcher v. Cate, 2012 WL 6023752, at *6 (C.D. Cal. July 30, 2012), report and recommendation adopted, 2012 WL 6022865 (C.D. Cal. Dec. 4, 2012) (noting that "a prisoner's right to call witnesses and present documentary evidence at a disciplinary hearing is not unlimited" and that "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits" including limiting presentation of documentary evidence). Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B. Denial of Grievance/Appeal**

"A prison official's denial of a grievance does not itself violate the constitution." Penton v. Johnson, 2019 WL 6618051, at *6 (E.D. Cal. Dec. 5, 2019) (quoting Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015)). "An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983." Evans, 637 F. App'x at 288, citing Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); see also Alford v. Gyaami, 2015 WL 3488301, at *10 n.2 (E.D. Cal. June 2, 2015) ("Even if prison officials delay, deny, or erroneously screen out a prisoner's inmate grievance, they have not deprived him of a federal constitutional right."); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (allegations that prison officials denied or ignored inmate appeals failed to state a cognizable claim under the First Amendment).

Plaintiff alleges that his due process rights were violated when R. Hernandez affirmed the results of the disciplinary hearing and H. Moseley disregarded his request for a diagram. However, "an incorrect decision on an administrative appeal, or the failure to handle it in a particular way, does not amount to a violation of petitioner's right to due process." Carter v. Babcock, 2011 WL 6032687, at *6 (E.D. Cal. Dec. 5, 2011). Likewise, the mere fact that these

Defendants declined to grant Plaintiff's grievance or appeals does not set forth a constitutional claim.

### C. Further Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, a district court may deny leave to amend for "repeated failure to cure deficiencies by amendments previously allowed[.]" Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008); see also In re Vantive Corp. Sec. Litig., 283 F.3d 1079, 1097–98 (9th Cir. 2002) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (internal quotations and citation omitted).

Because Plaintiff's first amended complaint is deficient for essentially the same reasons as those articulated in the Court's prior screening order, and because Plaintiff has failed to remedy the deficiencies, the Court assesses that Plaintiff cannot cure his pleadings and, thus, that leave to amend would be futile. See Hartman v. CDCR, 707 F.3d 1114, 1129-30 (9th Cir. 2013) (affirming dismissal of first amended complaint and finding leave to amend futile where complaint's allegations belied plaintiff's entitlement to relief). Despite being advised of the factual and/or legal deficiencies, Plaintiff's first amended complaint fails to state a claim and further leave to amend would be futile.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge